[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 3, 2008
THOMAS K. KAHN
CLERK

No. 08-10782
Non-Argument Calendar

_____

D. C. Docket No. 07-14105-CV-FJL

DANIEL SELLERS,

Plaintiff-Appellant,

versus

GMAC MORTGAGE GROUP, INC.,
A Foreign Corporation,

Defendant-Appellee,

GMAC MORTGAGE GROUP, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 3, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff Daniel Sellers appeals the district court's grant of summary judgment in favor of Defendant GMAC Mortgage Group, Inc. ("GMAC"). In 2006, GMAC began servicing Sellers' home mortgage loan. At around the same time, the escrow portion of Sellers' monthly payments increased due to heightened taxes and insurance costs. For approximately one year, Sellers and GMAC communicated in an attempt to resolve the balance on his account. In October of 2006, Sellers made two supplemental payments to settle the escrow deficiency. However, a misunderstanding arose between the parties over the proper apportionment of one of the supplemental payments between the escrow balance and the loan payments and principal. On January 25, 2007, after receiving a notice of default from GMAC and after repeated calls to customer service proved unhelpful, Sellers wrote to GMAC. Sellers contends that the letter was both a request to rescind a negative credit report and an attempt to place the defendant on notice that it had misapplied his supplemental payment. GMAC contends that the letter was merely a request to rescind the negative credit report. GMAC responded on February 7, 2007, stating that it was unable to rescind the negative report. Later in February, Sellers' attorney sent GMAC a letter raising certain issues over the servicing of the loan. On March 7, 2007, GMAC responded with

2

an analysis of the escrow account. Sellers filed the instant lawsuit against GMAC on April 3, 2007 for failing to correct misapplied payments, provide appropriate statements, and correct erroneous credit reports. Shortly thereafter, GMAC filed a state court foreclosure complaint. GMAC subsequently voluntarily dismissed the foreclosure action, citing business reasons. Sellers asserted claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and the Florida Consumer Collection Practices Act. He also brought claims for defamation, abuse of process and malicious prosecution for wrongfully commencing the foreclosure proceeding.

We review a district court's grant of summary judgment de novo. Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(c); Holloman, 443 F.3d at 836. For an issue on which the non-moving party bears the burden of proof, the moving party need only show "that there is an absence of evidence to support the non-moving party's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993) (quotation omitted). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to come forward with specific

3

facts showing that there is a genuine issue for trial. Id. at 1116; Fed. R. Civ. P. 56(e). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005).

Section 6(e) of RESPA requires a loan servicer, upon receipt of a qualified written request, to take certain actions with respect to borrower inquiries. See 12 U.S.C. § 2605(e). This includes providing information requested by the borrower, conducting an investigation of the borrower's concerns, providing an explanation or clarification of the reasons the servicer believes the account is correct and, if necessary, making appropriate corrections to the borrower's account. Id. A borrower may recover "actual damages" if the loan servicer fails to comply with these provisions. Id. § 2605(f)(1)(A).

The district court assumed that GMAC did not properly address Sellers' inquiries about the apportionment of his supplemental October payment. However, the court determined that he did not incur any harm as a result of this oversight. Thus, there could be no RESPA violation. The district court reasoned that Sellers ultimately complained of only two injuries: a negative credit report, which was subsequently rescinded, and the initiation of foreclosure proceedings. The court found that GMAC adequately responded to Sellers' inquiries on these

two issues. Alternatively, the district court found that regardless of how the supplemental payments were credited the loan was "technically" in default in early 2007. Since the foreclosure action was not improper and the negative credit report was rescinded, Sellers did not demonstrate that he sustained any harm.

On appeal, Sellers argues that there is a genuine issue of material fact as to whether the loan was in default. However, in his response to GMAC's motion for summary judgment and his motion for reconsideration, Sellers merely asserts that he paid an amount sufficient to resolve the escrow deficiency reflected in the March escrow statement. As the district court and even Sellers himself noted, plaintiff's September escrow statement shows that the deficiency increased again in late 2006. Thus, Sellers has not shown that there is a material issue of fact as to whether his loan was in default when the foreclosure complaint was filed in early 2007. In his brief to this Court, Sellers simply states that, if properly applied, the October supplemental payment would have kept his account in a current status and asserts that no evidence in the record refutes his position. Such a conclusory argument is not sufficient to create a genuine issue of material fact. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). The district court determined that even if the supplemental payments temporarily resolved the escrow shortfall, the plaintiff never increased his monthly payments in order to stay current on the

5

escrow account in the future. We agree. Thus, the district court did not err in finding that the loan "technically lapsed into default."

Next, Sellers argues that the district court erred in considering the issue of harm <u>sua sponte</u> without notifying him of its intent to do so. In <u>Imaging Business Machines, LLC v. Banctec, Inc.</u> we held that the grant of summary judgment on the issue of injury was procedurally improper under Federal Rule of Civil Procedure 56(c) where the defendant failed to raise the issue of injury in its motion for summary judgment and the district court failed to notify the plaintiff it would be considering the issue of injury. 459 F.3d 1186, 1191 (11th Cir. 2006). On appeal, Sellers argues that he can offer evidence of harm arising from emotional distress, fees improperly assessed to his mortgage account and attorney's fees arising from the erroneous apportionment of his mortgage payment.

After the entry of summary judgment, Sellers filed a motion for reconsideration asserting, among other grounds, that he "has not had occasion to itemize his damages." Yet, the entry of summary judgment certainly provided Sellers with sufficient notice to present evidence of harm. <u>See</u> <u>Flood v. Young Woman Christian Ass'n</u>, 398 F.3d 1261, 1267 (11th Cir. 2005) (noting that the plaintiff did not present any new evidence in his motion for reconsideration of the district court's entry of summary judgment on an issue raised <u>sua sponte</u>). Still,

6

in his motion for reconsideration and his brief to this Court, Sellers has failed to do anything more than state that if given the chance he will itemize his damages. Accordingly, we find that the district court did not err in granting summary judgment on plaintiff's RESPA claims.

Sellers challenges the entry of summary judgment on his state law claims only on the grounds that a material issue of fact exists as to whether his loan ever technically lapsed into default. We have determined that plaintiff did not raise a material issue of fact. Thus, the district court did not err in granting summary judgment on Sellers' state law claims. Accordingly, we affirm.

AFFIRMED.